# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPRINT SOLUTIONS, INC. and SPRINT COMMUNICATIONS COMPANY, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> PACIFIC CELLUPAGE, INC., YOUSEF SAGHIAN a/k/a JOSEPH SAGHIAN, DANIEL SAGHIAN and NAVID DAVIDIAN a/k/a NAVID DAWUDIAN, <br><br> Defendants. | Case No.: CV13-7862 CAS (JCGx) <br><br> **STIPULATED PROTECTIVE ORDER REGARDING THE HANDLING OF CONFIDENTIAL INFORMATION** |

Pursuant to Federal Rule of Civil Procedure 26(c), and based on the stipulation of the respective counsel for the Parties, which include Plaintiffs Sprint Solutions, Inc. and Sprint Communications Company L.P. (collectively "Sprint" or "Plaintiffs"), Defendants Pacific Cellupage, Inc., Joseph Saghian, Daniel Saghian and Navid Davidian (collectively "Defendants"), and for good cause shown, IT IS HEREBY ORDERED that this Stipulated Protective Order shall control the disclosure, dissemination, and use of confidential information in the Lawsuit:

35170092.2

1

1. <u>Scope of Order</u>.  This Order shall govern the production, use, and disclosure of all information and materials produced by the Parties in response to any discovery request in this action (including but not limited to documents, interrogatory answers, responses to requests to admit and deposition transcripts and exhibits), all information and materials produced by the Parties pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, all information and materials produced by any third-parties in response to a subpoena or otherwise, all information and materials produced by the Parties in furtherance of potential settlement discussions, and all copies, excerpts, or summaries of those materials (collectively, "Litigation Material") encompassing, involving or relating to confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

2. <u>Designation of Confidential Litigation Material</u>.  A Party may, in good faith, designate as "CONFIDENTIAL" and therefore subject to the protections and requirements of this Order, Litigation Material that consists of or includes non-public information that would reasonably be subject to protection under applicable statute, rule or precedent, including: Information and materials that a Party reasonably believes contain or refer to information that is not generally available to or accessible by the general public, that a Party believes contain or refer to confidential information of third parties, information protected by a statute, rule or regulation, trade secrets or other confidential business information, including but not limited to:

   i. personal information relating to individuals, such as personal finance information, addresses, phone numbers, or other information that the producing Party believes, in good faith, may implicate privacy laws if further disseminated; research, development, business or financial information; or other confidential and/or proprietary analyses,

35170092.2

2

company guidelines, policies and procedures, market analyses, business valuations, audit reports, commercial information, sales information, customer and supplier proprietary network information, customer and supplier lists and non-public agreements with third parties, and materials memorializing or relating to sensitive third party business relationships;

  ii. all documents created in response to or as a part of governmental inquiries;

  iii. all training policies, procedures, or documents related to security practices;

  iv. Litigation Material reflecting or relating to financial data, including but not limited to documents concerning pricing information, revenues, costs, and profits; and

  v. Litigation Material that, if disclosed to a business competitor, would tend to damage the Party's competitive position.

3. <u>Method of Designating Material as CONFIDENTIAL</u>.

   a. Designation of confidential Litigation Material shall be made by stamping the legend "CONFIDENTIAL" on the document. Multi-paged Litigation Material must be stamped "CONFIDENTIAL" on each page so designated. If the Litigation Material cannot be so labeled, it must be designated CONFIDENTIAL in some other conspicuous manner. Any confidential designation that is inadvertently omitted during document production may be corrected by written notice to counsel of the Party receiving the document, who shall mark the original and all known copies of the documents with the proper designation. In addition, the receiving party shall use its best efforts to ensure that the information that was inadvertently disclosed is thereafter restricted to only those persons

35170092.2

3

        entitled to receive CONFIDENTIAL information under the terms set forth herein.

  b.  If originals or other non-bates stamped Litigation Material are made available to a Party for inspection, the entirety of such material shall be treated as CONFIDENTIAL pursuant to this Order until such time as it is copied and the CONFIDENTIAL legend can be affixed to the copies of any confidential Litigation Material. The Party producing such Litigation Material shall designate as CONFIDENTIAL any confidential Litigation Material selected for copying by the receiving Party by stamping or requesting in writing the stamping of the legend "CONFIDENTIAL" on the copies of such Litigation Material. All original or other non-bates stamped Litigation Material and information contained therein that is reviewed, but not selected for copying, by the receiving Party shall be treated as CONFIDENTIAL pursuant to this Order.

  c.  Information conveyed or discussed in deposition testimony or legal proceeding, in court or before an arbitrator, may be designated CONFIDENTIAL by an indication on the record at the deposition or legal proceeding, or by written notice of the specific pages and lines of testimony that are CONFIDENTIAL within twenty-one (21) days after receipt of the transcript of the deposition or legal proceeding. Each Party shall attach a copy of any such written notice to all copies of the transcript within its possession, custody, or control. While the twenty-one (21) day period is pending, the Parties will treat the transcript and the information contained therein as CONFIDENTIAL in accordance with this Order.

  d.  d.The Parties may designate as "CONFIDENTIAL" information and materials produced by any third-party, in response to a subpoena or otherwise, by providing notice to the other Parties of the information and/or materials that it considers to be confidential Litigation Material. The

35170092.2

4

      Party that initially sought such information and/or materials shall then mark the original and all known copies of the documents with the proper designation. Such Litigation Material is to be stamped "CONFIDENTIAL" on each page so designated. If the Litigation Material cannot be so labeled, it must be designated CONFIDENTIAL in some other conspicuous manner. Any confidential designation that is advertently omitted may be corrected by written notice to the Parties. In addition, the Parties shall use their best efforts to ensure that the information and/or materials that were inadvertently disclosed is thereafter restricted to only those persons entitled to receive CONFIDENTIAL information under the terms set forth herein.

4. <u>Material Designated ATTORNEYS' EYES ONLY</u>.  A Party may designate Litigation Material that it deems highly confidential and extremely sensitive, the disclosure of which to another Party or third party would create a substantial risk of serious harm that could not be avoided by less restrictive means, as being ATTORNEYS' EYES ONLY, following the same procedure set forth in section 3 above.  Designation of ATTORNEYS' EYES ONLY Litigation Material shall be made by stamping or writing the legend "ATTORNEYS' EYES ONLY" on the document.  Multi-paged Litigation Material must be stamped "ATTORNEYS' EYES ONLY" on each page so designated.  Only the attorneys for the Parties and Plaintiffs' in-house counsel may review materials designated ATTORNEYS' EYES ONLY.  The attorneys may not share these documents or the information contained in these documents with the Parties or any third party.

5. <u>Failure to Designate Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY</u>. The failure of a party to designate information or documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with this Order, and the failure to object to such a designation, shall not preclude a

Party at a later time from subsequently designating or objecting to the designation of such information or documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The Parties understand and acknowledge that a Party's failure to designate information or documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" relieves the other party of any obligation of confidentiality until such a designation is made. Promptly after any such designation, the receiving Party shall mark with the appropriate legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" any such designated documents, and all documents containing any such designated information will be thereafter appropriately treated in accordance with this Order.

6. <u>Use of Litigation Material, CONFIDENTIAL Litigation Material and ATTORNEYS' EYES ONLY Litigation Material</u>. All Litigation Material, including but not limited to CONFIDENTIAL Litigation Material and ATTORNEYS' EYES ONLY Litigation Material, may be used solely for the purposes of this action and for no other purpose. All Litigation Material, including but not limited to CONFIDENTIAL Litigation Material and ATTORNEYS' EYES ONLY Litigation Material shall not be disclosed directly or indirectly to any other person other than as provided in this Order, except by written agreement of the producing Party. Any person found to have made an impermissible use of Litigation Material will be subject, without limitation, to civil and criminal penalties for contempt.

CONFIDENTIAL Litigation Material may be disclosed to the following persons:

    i. any court before which this action is pending and any court to which an appeal or enforcement in this action may arise;

35170092.2

    ii. the Parties, including present officers, directors, and other employees of the Parties, to the extent reasonably necessary for the prosecution or defense of claims in this Lawsuit;

    iii. outside counsel representing the Parties, Plaintiffs' in-house counsel and their support personnel whose functions require access to such CONFIDENTIAL Litigation Material;

    iv. any actual or potential witness or deponent to the extent reasonably necessary for the preparation for or giving of his or her deposition or testimony in this action, and counsel for such witness or deponent;

    v. outside vendors who perform copying, computer classification, or similar clerical functions, but only for the purposes of performing such services and only so long as necessary to perform those services;

    vi. court reporters and other persons engaged in preparing transcripts of testimony or hearings in this Lawsuit;

    vii. members of law enforcement pursuant to a duly executed subpoena;

    viii. experts retained or consulted by counsel of record for assistance in the preparation or prosecution of claims or defenses in this action, to the extent reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist counsel in this action; and

    ix. any other person who is so designated by order of any court before which this action is pending, or by agreement of the producing Party.

No CONFIDENTIAL Litigation Material may be disclosed to persons identified in subparagraphs (iv), (viii), and (ix) until they have reviewed this Order and have either: (1) executed a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by counsel of record for the disclosing party and provided on request to other counsel of record; or (2) agreed on the record at a deposition to be bound by its terms.

35170092.2

ATTORNEYS' EYES ONLY Litigation Material may be disclosed to the following persons:

   i. any court before which this action is pending; and any court to which an appeal in this action may arise;
   ii. members of law enforcement pursuant to a duly executed subpoena; and
   iii. outside counsel representing the Parties, Plaintiffs' in-house counsel, and their support personnel whose functions require access to such material.

7. <u>Use of CONFIDENTIAL Litigation Material at Deposition</u>.  Any Party may use CONFIDENTIAL Litigation Material pursuant to the terms of this Order as an exhibit in a deposition taken in this Lawsuit, subject to such exhibit being marked as CONFIDENTIAL.  If deposition testimony concerning CONFIDENTIAL Litigation Material is requested or elicited, counsel for the producing Party may request that the room in which the deposition is being taken shall be closed except to persons who are permitted access to such information under the terms of this Order.  Each deposition shall be treated as CONFIDENTIAL without need for designation until twenty-one (21) days after each Party has received a copy of the transcript, at which point a Party may designate portions of the transcript as "CONFIDENTIAL" Litigation Material.

8. <u>Use of ATTORNEYS' EYES ONLY Litigation Material at Deposition</u>.  A Party may use ATTORNEYS' EYES ONLY Litigation Material pursuant to the terms of this Order as an exhibit in a deposition taken in this Lawsuit only when the deponent is an officer, director, or other employee of the Party that produced the ATTORNEYS' EYES ONLY Litigation Material, subject to such exhibit being marked ATTORNEYS' EYES ONLY.  If deposition testimony concerning ATTORNEYS' EYES ONLY Litigation Material is requested or

elicited, counsel for the producing Party may request that the room in which the deposition is being taken shall be closed except to persons who are permitted access to such information under the terms of this Order. Each deposition in which ATTORNEYS' EYES ONLY Litigation Material are used shall be treated as ATTORNEYS' EYES ONLY without need for designation until twenty-one (21) business days after the producing Party has received a copy of the transcript, at which point the producing Party may designate portions of the transcript as "ATTORNEYS' EYES ONLY" Litigation Material.

9. <u>Responding to Subpoenas Requesting CONFIDENTIAL Litigation Material or ATTORNEYS' EYES ONLY Litigation Material</u>. If a person in possession of CONFIDENTIAL or ATTORNEYS' EYES ONLY Litigation Material who is not the producing Party with respect to that Material receives a subpoena or other request seeking production or other disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY Litigation Material in connection with a civil proceeding, he/she/it shall (a) immediately give written notice to counsel for the producing Party identifying the CONFIDENTIAL or ATTORNEYS' EYES ONLY Litigation Material sought and the date and time production or other disclosure is required, (b) furnish those attorneys of record with a copy of said subpoena or other process or order, and (c) shall not interfere with respect to any procedure sought to be pursued by the party or nonparty whose interests may be affected.

10. <u>Filing CONFIDENTIAL Litigation Material or ATTORNEYS' EYES ONLY Litigation Material Under Seal</u>. Whenever any document designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or any pleading containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information is filed with the Court, the filing party must apply to file such documents separately under seal, pursuant to all applicable local rules, and to lodge such

35170092.2

9

documents under seal until such time as the application is ruled on. The Clerk of Court is directed to maintain under seal all such CONFIDENTIAL and ATTORNEYS' EYES ONLY Litigation Material.

11. <u>Challenges to Designation of Litigation Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."</u> A Party who receives Discovery Litigation Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may object to the designation at any time by notifying the producing Party in writing of that objection and specifying the designated materials to which the objection is made. The Parties shall, within ten days of service of the written objections, confer concerning the objection. If the Parties do not resolve the objection, the Party challenging the designation shall follow the procedures set forth in Local Rule 37. The producing Party shall bear the burden of showing that the contested material is CONFIDENTIAL or ATTORNEYS' EYES ONLY. In the event a Joint Stipulation is filed pursuant to this paragraph, the information in question shall remain CONFIDENTIAL or ATTORNEYS' EYES ONLY as designated subject to this Order until the Court rules on the Joint Stipulation.

12. <u>Exemptions for Authors and Material Independently Obtained or Publicly Available.</u> Nothing in this Order shall be deemed in any way to restrict the use of documents or information which are lawfully obtained or publicly available to a Party independent of production in this action, whether or not the same material has been obtained during the course of discovery in this Lawsuit and whether or not such documents or information have been designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Accordingly,

   a. Nothing in this Order shall be deemed to prohibit disclosure of any Litigation Material that is currently in the Party's lawful possession, custody, or control; that later comes into the possession of the Party from others lawfully in possession of such information or who are not Parties or

bound by this or a comparable Order or obligation; that is or has become public knowledge through no fault of the Party having the obligation of confidentiality; or that is required to be disclosed by any law, regulation, order, or rule of any governmental authority.

b. Nothing in this Order shall be deemed to prohibit disclosure of any Litigation Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to such persons as appear on the face of the document to be its author.

c. Nothing in this Order shall be deemed to prohibit disclosure of any Litigation Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to such persons that appear on the face of the document to have received a copy of the Litigation Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" from the producing Party.

d. Nothing in this Order shall be deemed to prohibit disclosure of any Litigation Material that contain summaries of purchase and/or sales data designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to the individuals or entities involved in the transaction.

e. Nothing in this Order shall be deemed to limit or prohibit any manner of use of any Litigation Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the Party producing such CONFIDENTIAL or ATTORNEYS' EYES ONLY Litigation Material.

13. <u>No Waiver of Objections</u>. Nothing in this Order shall constitute a waiver of a Party's right to object to the production of Litigation Material or to demand more stringent restrictions upon the treatment and disclosure of any Litigation Material on the ground that it contains particularly sensitive information.

14. <u>No Waiver of Privilege</u>.

35170092.2

11

a. The terms of this Order shall in no way affect a Party's right to withhold information on grounds of privilege or immunity from discovery such as, by way of example and not by way of limitation, attorney-client privilege or work product doctrine.

b. The production of any document or other information shall be without prejudice to any claim that such material is protected from discovery under the attorney-client or other privilege such as work product, and no party shall be held to have waived any rights by such production. Upon written request by the producing Party, the receiving Party shall: (a) return the original and all copies of such inadvertently produced privileged documents; (b) shall not review, copy, or disseminate the privileged documents or information; and (c) shall not use such documents or information for any purpose absent further ruling by the Court.

15. No Admission. Neither this Order nor any stipulation therefore, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by either Party to a designation of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" hereunder nor in relation to the merits of any claims or defenses raised in this Lawsuit.

16. Court Retains Jurisdiction. The Court shall retain jurisdiction over the Parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order and such other and further relief as may be necessary.

17. Post-Action Treatment of CONFIDENTIAL Litigation Material and ATTORNEYS' EYES ONLY Litigation Material. No later than ninety (90) days after the expiration of the time in which an appeal may be filed or after an unappealable final resolution or settlement of this action, any person possessing any CONFIDENTIAL or ATTORNEYS' EYES ONLY Litigation Material

shall return all such CONFIDENTIAL and ATTORNEYS' EYES ONLY Litigation Material, including all copies, extracts, and summaries, to the producing Party, or, in lieu thereof, shall certify in writing that all CONFIDENTIAL and ATTORNEYS' EYES ONLY Litigation Material has been destroyed, except that counsel of record may retain for their files copies of any paper served or filed with the Court in this action, including portions of any such papers that contain or disclose CONFIDENTIAL or ATTORNEYS' EYES ONLY Litigation Material.

18. <u>Continuing Effect of this Order.</u> Neither the final disposition of this Lawsuit, by judgment, dismissal, settlement, or otherwise, nor the termination of employment of any person who had access to any CONFIDENTIAL or ATTORNEYS' EYES ONLY Litigation Material shall relieve any person from the obligations of maintaining both the confidentiality and the restrictions of use of anything disclosed pursuant to this Order.

19. <u>Modification of this Order</u>. Any Party may apply to the Court for modification of this Order at any time or for the establishment of additional protection governing the use of CONFIDENTIAL or ATTORNEYS' EYES ONLY Litigation Material, including the use of such material in submissions to the Court. Nothing in this Order shall preclude the Parties from moving to amend or modify this Order by stipulation, or from agreeing to extend it to other legal proceedings, so long as any such agreement is in writing and applies only to CONFIDENTIAL or ATTORNEYS' EYES ONLY Litigation Material that was produced by the signatories to the agreement.

20. <u>Entry and Enforcement of Order by the Court.</u> The Parties stipulate this Order for entry by the Court and agree to be bound by the terms effective as of the date the Stipulated Protective Order was fully executed by the Parties, as if the Order had been entered on that date. The Court may impose sanctions on any person possessing or granted access to CONFIDENTIAL or ATTORNEYS'

35170092.2


EYES ONLY Litigation Material pursuant to this Order who discloses or uses the CONFIDENTIAL Litigation Material or ATTORNEYS' EYES ONLY Litigation Material for any purpose other than as authorized by this Order or who otherwise violates the terms of this Order. All persons to whom CONFIDENTIAL Litigation Material or ATTORNEYS' EYES ONLY Litigation Material is disclosed shall be subject to the jurisdiction of this Court for the purpose of enforcing this Order. This Order shall continue in full force and effect, and shall be binding upon the Parties and all persons to whom CONFIDENTIAL Litigation Material or ATTORNEYS' EYES ONLY Litigation Material has been disclosed, both during and after the pendency of this case.

IT IS SO ORDERED.

Done and Ordered this 11 day of February, 2015.

_____
Jay C. Gandhi
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SPRINT SOLUTIONS, INC. and SPRINT COMMUNICATIONS COMPANY, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> PACIFIC CELLUPAGE, INC., YOUSEF SAGHIAN a/k/a JOSEPH SAGHIAN, DANIEL SAGHIAN and NAVID DAVIDIAN a/k/a NAVID DAWUDIAN, <br><br> Defendants. | Case No.: CV13-7862 CAS (JCGx) <br><br> **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND** |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Central District of California in matters relating to the Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

35170092.2

15

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date:_____    _____
                              Signature

35170092.2