1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPRINT SOLUTIONS, INC. *et al.*, | Case No.: CV13-7862 CAS (JCGx) |
| Plaintiffs, | |
| v. | **FINAL JUDGMENT AND PERMANENT INJUNCTION** |
| PACIFIC CELLUPAGE, INC. *et al.*, | |
| Defendants. | |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

Plaintiffs brought the above-captioned lawsuit against Defendants alleging that Defendants are engaged in the unauthorized purchase and resale of specially-manufactured wireless telephones designed for use on Sprint's wireless service, including the Sprint iPhone (collectively, "Sprint Phones" or "Sprint Handsets" or "Phones" or "Handsets").

Sprint alleges that Sprint Phones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of the Phones. These Terms and Conditions are set forth in printed inserts that are packaged with each Phone and are posted on the Plaintiffs' respective websites. Pursuant to the Terms and Conditions of Sprint's Phones, purchasers agree, among other things: (a) to pay the monthly service charges and other related fees; (b) to pay an Early Termination Fee ("ETF") for each line of service that is terminated before the contract term is concluded; (c) to activate the Sprint Phones on the Sprint CDMA network; (d) not to resell the Sprint Phones and related products and services; and (e) not to use the Phones for a purpose that could damage or adversely affect Sprint.

Sprint asserted claims against Defendants for common law unfair competition, tortious interference with business relationships and prospective advantage, civil conspiracy, unjust enrichment, conspiracy to induce breach of contract, federal trademark infringement under 15 U.S.C. § 1114, federal common law trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B), contributory trademark infringement, injury to business or reputation/dilution of trademarks in violation of California Business & Professions Code § 17200, common law fraud, fraudulent misrepresentation, and violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*

Defendants deny each of Sprint's allegations.

The Court, having reviewed the file, being advised of the agreement of the parties, and being otherwise duly advised in the premises, it is hereby

**ORDERED**, **ADJUDGED** and **DECREED** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in Sprint's Complaint.

2. The Court finds that the conduct alleged in the Complaint, if proven, would constitute violations of 15 U.S.C. §§ 1114 and 1125(a)(1)(A) and (B) (federal trademark infringement and false advertising). The Court further finds that the alleged conduct would also constitute common law unfair competition, tortious interference with business relationships and prospective advantage, civil conspiracy, unjust enrichment, conspiracy to induce breach of contract, contributory trademark infringement, common law fraud, injury to business or reputation/dilution of trademarks in violation of California Business & Professions Code § 17200, fraudulent misrepresentation, and violate the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq*.

3. Sprint has alleged that it has suffered damages, including loss of goodwill and damage to its reputation, as a result of Defendants' conduct. On review and consideration of all relevant factors, Sprint would be entitled to damages and injunctive relief on the claims as set forth in the Complaint, if such allegations were proven.

4. Final judgment is hereby entered against Defendant Pacific Cellupage, Inc., and in favor of the Plaintiffs, on the claims set forth in Plaintiffs' Complaint.

5. Defendants and all of their past and present officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, companies, agents, employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to act for them or on their behalf, including, but not limited to, any corporation,

partnership, proprietorship or entity of any type that is in any way affiliated or associated with Defendant or Defendant's representatives, agents, assigns, parent entities, employees, independent contractors, associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendants who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

    a.    purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any new Sprint Phones;

    b.    supplying new Sprint Phones to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in the purchase or sale of new Sprint Phones or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in new Sprint Phones; and

    c.    supplying new Sprint Phones to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this Permanent Injunction, including, without limitation, the buying and/or selling of new Sprint Phones.

6. The last known address of Defendant Pacific Cellupage Inc. is 5120 W Pico Blvd, Los Angeles, California 90017.

13. Defendants waive any and all rights to challenge the validity of this Final Judgment in this Court or in any other court, and specifically waive their right of appeal from the entry of this Final Judgment.

14. The Court retains jurisdiction over this matter and the parties to this action in order to enforce the parties' settlement agreement and to enforce any

violation of the terms of this Final Judgment and Permanent Injunction by, among other things, a finding of contempt and an order for payment of compensatory damages to Plaintiffs in an amount of $5,000 for each new Sprint Phone that a Defendant is found to have purchased, sold or unlocked in violation of this Permanent Injunction and to enter an award of damages in favor of Sprint. The Court finds that these amounts are compensatory and will serve to compensate Sprint for its losses in the event the terms of this Order are violated.

15. Defendant Pacific Cellupage, Inc. has paid to Plaintiffs the sum of Two Hundred Fifty Thousand Dollars and no cents ($250,000.00) pursuant to a confidential settlement agreement between the parties, as evidenced by the copy of the settlement check attached to the Stipulation and Joint Motion for Entry of Final Judgment and Permanent Injunction filed in this case.

DONE AND ORDERED this 12th day of April 2016.

*Christine A. Snyder*
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record